O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RONALD JAMES BREWER, | ) | No. CV 06-08286-CAS (VBK) |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR A |
| v. | ) ) | PRELIMINARY INJUNCTION |
| S. RICHARDS, et al., | ) ) | |
| Defendants. | ) ) | |

**PROCEEDINGS**

On December 27, 2006, Ronald James Brewer (hereinafter referred to as "Plaintiff") filed a civil rights lawsuit pursuant to 42 U.S.C. §1983 against Defendants S. Richards; Harold Williamson; William Fletcher; Emiliano Becerril; Troy Crawford; Christopher Jakell; Armando Sosa; and D. L. Smalls in their individual capacities.

On January 7, 2007, the Court issued an Order Directing the United States Marshal's Service to serve Defendants Correctional Sergeant S. Richards; Correctional Officer Harold Williamson; Correctional Sergeant William Fletcher; Correctional Officer Emiliano Becerril; Correctional Officer Troy Crawford; Correctional Sergeant Christopher Jakell; Correctional Officer Armando Sosa and Correctional

Lieutenant D. L. Smalls.

Defendants filed a Motion to Dismiss Plaintiff's Complaint; Plaintiff filed an Opposition to Defendants' Motion to Dismiss; Defendants filed a Reply and the Court issued a Report and Recommendation on March 21, 2008 granting in part and denying in part Defendants' Motion to Dismiss.  On June 3, 2008, United States District Court Judge Christina A. Snyder issued an Order approving the Report and Recommendation.

On July 2, 2008, Defendants filed an Answer to Plaintiff's Complaint.

On August 28, 2008, Plaintiff filed a "Motion for Preliminary Injunction" and "Declaration of Ronald Brewer in Support of Motion Requesting a Preliminary Injunction."  Plaintiff requests that the Court grant a preliminary injunction requiring his immediate transfer from Calipatria State Prison to prevent: (1) interference with Plaintiff's access to Court; (2) Plaintiff's denial of recommended surgery and medication; (3) Plaintiff's denial of access to the law library; and (4) Plaintiff's exposure to retaliation and harassment instigated and/or ratified by Defendants S. Richard and H. Williamson, who were previously employed at this prison. (See Motion at 2.)

On September 4, 2008, the Court issued a Minute Order ordering Defendants to file an Opposition or Statement of Non-Opposition to Plaintiff's Motion within 30 days of the date of the Minute Order.

On December 17, 2008, the Court issued a Minute Order indicating that Defendants had failed to respond to the Court's previous September 4, 2008 Minute Order and ordered Defendants to file an Opposition or Statement of Non-Opposition to Plaintiff's Motion for Preliminary Injunction within 20 days.

On January 6, 2009, Defendants filed an "Opposition to Plaintiff's Motion Requesting Preliminary Injunction; Declaration of J. Vander Borght in Support of Opposition to Request for Preliminary Injunction."

The Motion for a Preliminary Injunction is now ready for decision.

## STATEMENT OF FACTS

Plaintiff alleges that on June 28, 2006, while Plaintiff was incarcerated at Ironwood State Prison, Defendants Richards, Williamson and fourteen other guards descended on Plaintiff while he was in his assigned cell and told him he was being taken to a facility program. Defendant Williamson placed Plaintiff in restraints and Defendant Richards and Williamson then escorted Plaintiff to a holding cell. While in the holding cell, Defendant Richards informed Plaintiff that his personal property was being packed up for his movement into administrative segregation ("Ad. Seg."). (See Complaint at ¶¶ 1-4.) Plaintiff asked Defendant Richards why he was being transported to Ad. Seg. and Defendant Richards replied for filing staff complaints. After his personal property arrived, Defendant Richards led Plaintiff to the rear of the program office. (Id. at ¶ 6.) Prior to exiting the rear of the office, with Plaintiff in restraints, Defendant Richards punched Plaintiff in the back of the neck and kicked him in the lower back. (Id. at ¶ 7.) Plaintiff never resisted and Defendant Richards acted without warning or provocation. (Id. at ¶ 8.) Defendant Richards then lifted Plaintiff by his jeans and shirt and placed him and his property in the transportation vehicle. (Id. at ¶ 9.) Plaintiff was transported a short distance to the Ad. Seg. Unit, where

the Unit Sergeant ordered Plaintiff returned to the "sending facility." (Id. at ¶ 10.)

Upon arriving at the "sending facility," Plaintiff began to experience "excruciating pain in his neck and lower back region." (Id. at ¶ 11.) Medical personnel responded to Plaintiff, placed him in a cervical collar, secured him to a backboard, immobilizing him, then took him to the prison infirmary. (Id. at ¶ 13.) At the infirmary, medical personnel determined that Plaintiff should be transferred to an outside hospital for x-rays and cat scans. (Id. at ¶ 14.) Plaintiff was taken to Palo Verde Community Hospital in Blythe, California. (Id. at ¶ 17.)

In the emergency room at the hospital, Plaintiff was immobilized with leg restraints, waist restraints, a backboard, and a cervical collar, while he waited for tests. (Id. at ¶ 18.) Defendant Williamson then entered the emergency room and assaulted Plaintiff by strangling him nearly unconscious. (Id. at ¶ 19.)

Plaintiff was subsequently airlifted to Riverside County Medical Facility, where an MRI revealed that Plaintiff suffered from two damaged discs in his back. (Id. at ¶¶ 21, 22.) Plaintiff also suffers from severe neck pain, inflamed neck muscles, migraine headaches, lightheadedness, fainting, low back pain, and back spasms as a result of the June 28, 2006 "incident." (Id. at ¶ 24.)

**PLAINTIFF'S CLAIMS**

Plaintiff alleges that the actions of Defendants in using physical force against Plaintiff without need or provocation or in failing to intervene to prevent the misuse of force, was done maliciously and sadistically and constituted cruel and unusual

punishment in violation of the Eighth Amendment of the United States Constitution. (Plaintiff's Complaint at 5, 11.)

**DISCUSSION**

In the Ninth Circuit, preliminary injunctive relief is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." E and J Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 990 (9th Cir. 2006) (quoting S.W. Voter Registration Educ. Project v. Shelley, 344 F.3d 914, 918 (9th Cir. 2003)(en banc). These standards are not separate tests. Rather, they "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates, Inc. v. P.P.R. Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000). The scale does not slide indefinitely, however. "The irreducible minimum ... is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice. E and J Gallo Winery, 446 F.3d at 990 (quoting Sports Forum, Inc. v. United Press International, Inc., 686 F.2d 750, 753 (9th Cir. 1982). This standard applies equally to requests for temporary restraining orders. Lockheed Missile and Space Co., Inc. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995).

Petitioner in his Motion requests an immediate transfer from Calipatria State Prison "to prevent" interference with Plaintiff's access to Court and the law library, the denial of surgery and

5

medications, and Plaintiff's exposure to retaliation and harassment ratified by Defendants Richard and Williamson, who were previously employed at Calipatria. (See Motion at 2.)

On May 11, 2008, Plaintiff alleges he was transferred from Ironwood State Prison to Calipatria State Prison to "thwart" his medical care. (See Plaintiff's Declaration in Support of Motion at p. 2.) Plaintiff alleges that Calipatria has denied his pain medication and surgery which has led to undue suffering. (Id. at 2-3.) Plaintiff alleges he has been denied access to the law library in spite of the Court's July 16, 2008 Minute Order requesting that prison officials afford Plaintiff access to the law library. (Id. at 3.) Plaintiff also alleges he has twice been approached by prison employees with their name tags covered informing Plaintiff to end litigation against Defendants Williamson and Richard. (Id. at 3.)

On December 20, 2008, Plaintiff filed a "Notice of Change of Address," which indicates Plaintiff has been transferred as of December 16, 2008 from Calipatria State Prison to Southwest Detention Center in Murietta, California. The Court takes notice that Petitioner is currently incarcerated at Blythe County Jail in Blythe, California.

Plaintiff's claims in his Complaint are based on incidents that arose while he was incarcerated at Ironwood State Prison. Since the filing of the underlying action, Plaintiff was transferred from Ironwood State Prison to Calipatria State Prison, then to Southwest Detention Center in Murietta, California; and currently resides in Blythe County Jail.

Plaintiff's Motion requesting a transfer from Calipatria State Prison is moot as Plaintiff was transferred on December 16, 2008. To

6

1 establish mootness, defendants have to show that subsequent events
2 have made it absolutely clear that the allegedly wrongful behavior
3 cannot reasonably be expected to recur. Federal Trade Commission v.
4 Affordable Media, LLC, 179 F.3d 1228, 1238 (9th Cir. 1999). In this
5 case, Plaintiff is no longer in the custody of the California
6 Department of Corrections and Rehabilitation. Instead, he is in the
7 custody of the County Jail in Blythe, California. Plaintiff has not
8 indicated that he will eventually return to Calipatria State Prison.
9     Moreover, Plaintiff's Motion for a Preliminary Injunction
10 attempts to include unnamed parties at Calipatria State Prison and the
11 California Department of Corrections and Rehabilitation who are not
12 named as Defendants in the underlying action. Federal courts are
13 courts of limited jurisdiction, and as a preliminary matter, the Court
14 must have before it an actual case or controversy. City of Los
15 Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1669 (1983). If the
16 Court does not have an actual case or controversy before it, it has no
17 power to hear the matter in question. Id. In Zepeda v. United States
18 INS, 753 F.2d 719, 727 (9th Cir. 1983), the Ninth Circuit held that "a
19 federal court may issue an injunction if it has personal jurisdiction
20 over the parties and subject matter jurisdiction over the claim; it
21 may not attempt to determine the rights of persons not before the
22 Court." Under F.R.Civ.P. 65(d), an injunction binds only the parties
23 to the action, their officers, agents, servants, employees, and
24 attorneys, and those persons in active concert or participation with
25 them who receive action notice of the order.
26     Here, Plaintiff's Motion would require the Court to determine the
27 rights of persons and entities not before the Court. Plaintiff's
28 Motion for a Preliminary Injunction does not arise from the same

7

occurrence or subject matter of his Complaint; rather, it is primarily based on unrelated incidents that allegedly occurred at a completely different prison. The Court does not have jurisdiction to enter the order sought, as the case or controversy requirement cannot be met in light of the fact that the issues Plaintiff seeks to remedy in his Motion for a Preliminary Injunction bear no relation to the past events at Ironwood State Prison giving rise to this lawsuit.

Accordingly, the Motion for a Preliminary Injunction is **HEREBY DENIED**.

DATED: March 25, 2009

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented this 24th day of
March, 2009 by:

/S/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE